UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL COLON,<br><br>    Plaintiff,<br>v.<br><br>THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, d/b/a AT&T CONNECTICUT,<br><br>    Defendant. | 3:09-cv-802 (CSH) |

## RULING ON PARTIAL MOTION TO DISMISS

HAIGHT, Senior District Judge:

  Plaintiff Paul Colon brings this action alleging discrimination on account of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"). Defendant Southern New England Telephone Company, doing business as AT&T Connecticut, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss as time-barred Plaintiff's Title VII claim related to the denial of a promotion in June, 2007. Defendant does not move to dismiss Plaintiff's Title VII claim related to Plaintiff's termination in May, 2008. For the reasons stated herein, Defendant's Partial Motion to Dismiss [Doc 14] is **GRANTED**.

### I. STANDARD

  When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Rescuecom Corp. v. Google, Inc., 562 F.3d 123, 127 (2d Cir. 2009); accord Scheuer v. Rhodes,

416 U.S. 232, 236 (1974).  An affirmative defense that a claim is barred by the statute of limitations is properly raised in a pre-answer motion to dismiss under Rule 12(b)(6).  <u>Ghartey v. St. John's Queens Hosp.</u>, 869 F.2d 160, 162 (2d Cir. 1989).

When deciding a motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  <u>Samuels v. Air Transp. Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993).  Where a plaintiff alleges in the complaint that charges of discrimination have been filed with the CHRO and EEOC, those charges "may be considered either as matters referenced in the complaint or as public records subject to judicial notice."  <u>McBride v. Routh</u>, 51 F. Supp. 2d 153, 155 (D. Conn. 1999).

## II.    FACTS

Taking the allegations in the Amended Complaint [Doc. 9] as true, the facts are as follows.  Plaintiff was hired by Defendant on October 13, 1995.  (Am. Compl. ¶ 3.)  In April, 2000, he was promoted to the position of Manager-Instructor/Developer.  <u>Id.</u>  In June, 2007, Plaintiff applied for the position of UVERSE Supervisor.  <u>Id.</u> at ¶ 4.  Plaintiff was interviewed but did not get the promotion, which went to a Caucasian.  <u>Id.</u> at ¶¶ 5-6.  In July, 2007, Plaintiff was "surplused" by Defendant, "meaning he was terminated from employment."  <u>Id.</u> at ¶ 8.  Thereafter, "when Plaintiff checked [Defendant's] website/career path for available positions, his job in UVERSE was posted."  <u>Id.</u>  He applied for the job and was re-hired on September 4, 2007.  <u>Id.</u>  On May 1, 2008, Plaintiff was again "surplused."  <u>Id.</u> at ¶ 9.

On June 9, 2008, Plaintiff filed a charge of discrimination against Defendant with the Connecticut Commission on Human Rights and Opportunities ("CHRO").  [See Doc. 15-2,

Plaintiff's Affidavit of Illegal Discriminatory Practice.]   In the CHRO filing, Plaintiff described his race as Hispanic and his national origin as Puerto Rican, and alleged that he suffered discrimination on the basis of race and national origin when he was "not promoted on or about June, 2007" and "terminated on or about May 1, 2008."  Id.  On July 16, 2008, the CHRO transmitted Plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC") for dual filing purposes. [Doc. 15-3]

**III.   DISCUSSION**

Defendant argues that Plaintiff's Amended Complaint, which formally contains only one count, actually asserts two separate claims under Title VII, a June 2007 failure to promote claim and a May 2008 termination claim.  [Doc. 15 at 1]  This reading of the Amended Complaint is consistent with the two allegations set forth in Plaintiff's CHRO complaint and is not disavowed by Plaintiff.  Defendant contends that the failure to promote claim is barred by the statute of limitations.  [Doc. 15 at 1]  The Court agrees.

Title VII requires that a charge of discrimination be made to the federal EEOC or the equivalent state agency, such as the CHRO, "within three hundred days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  Plaintiff's CHRO complaint was filed on June 9, 2008, 300 days prior to which was August 14, 2007.  Therefore, Plaintiff's claim related to his failure to receive a promotion in June, 2007 is time-barred.

In response, Plaintiff contends that the facts alleged in the Amended Complaint collectively demonstrate "an ongoing discriminatory practice, policy and/or procedure of defendant." [Doc. 16 at 2]   Plaintiff argues that this policy arises from the "specific and related" acts of discrimination alleged in the Amended Complaint.  Id. at 1, citing Fitzgerald v.

Henderson, 251 F.3d 345, 361 (2d Cir. 2001) (continuing violation theory served to permit inclusion, with regard to plaintiff's hostile environment claim, of otherwise untimely incidents). By relying on Defendant's alleged "continuing discriminatory actions" [Doc. 16 at 2] to argue that the June, 2007 failure to promote is actionable, Plaintiff appears to be asserting that Plaintiff's non-promotion was part of a continuing violation by Defendants.

"Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Patterson v. Oneida County, NY, 375 F.3d 206, 220 (2d Cir. 2004), quoting Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993). However, the continuing violation doctrine does not apply to "discrete discriminatory acts," which "are not actionable if time-barred, *even when they are related to acts alleged in timely filed charges*." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (emphasis added); see also Patterson, 375 F.3d at 220. A discrete discriminatory act is a "single completed action" that occurs at a specific time, and typically is actionable on its own. Elmenayer v. ABF Freight System, Inc., 318 F.3d 130, 135 (2d Cir. 2003). The Supreme Court in Morgan specifically identified "termination, failure to promote, denial of transfer, or refusal to hire" as examples of discrete acts, each of which "starts a new clock for filing charges." 536 U.S. at 113-14.

Even accepting Plaintiff's contention that the failure to promote and the termination were related, they are unambiguously "discrete discriminatory acts," which are not subject to the continuing violation doctrine. "The law is clear that termination and promotion claims may not

be based on discrete acts falling outside the limitations period." Petrosino v. Bell Atlantic, 385 F.3d 210, 220 (2d Cir. 2004).  Therefore, Plaintiff cannot sue for the denial of promotion in June, 2007.  However, Plaintiff's termination claim is timely, and evidence of the promotion denial that preceded it, if shown to be related, "may constitute relevant 'background evidence in support of a timely claim.'"  Petrosino, 385 F.3d at 220, quoting Morgan, 536 U.S. at 113.

### IV.    CONCLUSION

Defendant's Partial Motion to Dismiss [Doc. 14] is **GRANTED**.  Plaintiff's claim under Title VII in regard to Defendant's failure to promote him in June, 2007 is dismissed as barred by the statute of limitations.  Plaintiff's Title VII claim related to his termination in May, 2008 remains pending.

It is SO ORDERED.

Dated: New Haven, Connecticut

November 30, 2009

                                                    */s/ Charles S. Haight, Jr.*
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge