**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| PAUL COLON,<br><br>Plaintiff,<br>v.<br><br>THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY, d/b/a AT&T CONNECTICUT,<br>Defendant. | 3:09-CV-0802 (CSH) |
|---|---|

**RULINGS ON MOTIONS TO AMEND AND TO COMPEL**

HAIGHT, Senior District Judge:

Two motions in this action are currently pending before the Court: Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion to Amend") [Doc. 35] and Plaintiff's Motion to Compel Discovery (the "Motion to Compel") [Doc. 37]. For the reasons given below, the Court denies the Motion to Amend and grants the Motion to Compel.

## I. Relevant Facts

Plaintiff, who is of Puerto Rican ancestry, worked for Defendant from 1995 to 2008. The parties do not agree about even the fundamental sequence of events, but it appears that Plaintiff applied for at least one supervisory position in July 2007 and did not receive it. Plaintiff alleges that he was told that the reason that he did not receive this position was that he lacked supervisory experience, and that afterwards non-Latinos received one or more such positions. On May 1, 2008, Plaintiff was notified that he had been "surplused," *i.e.*, terminated as part of a reduction in force. He applied for positions with Defendant thereafter, but was not successful. In May 2009, after

exhausting the administrative prerequisites, Plaintiff filed the present action alleging that Defendant discriminated against him based on his race and national origin.

After the filing of an Amended Complaint [Doc. 9], Plaintiff's pleading consists of one count brought under Title VII, citing both Defendant's failure to promote him in July 2007 and his termination in May 2008. On July 30, 2009, the Court issued an Order [Doc. 13] setting July 31, 2009 as the deadline for Plaintiff to file a motion to amend the pleadings. On November 30, 2009, the Court issued a Ruling on Partial Motion to Dismiss (the "Dismissal Ruling") [Doc. 19] holding that the part of Plaintiff's claim under Title VII that was based on Defendant's failure to promote him in June 2007 is time-barred, while his claim based on his termination in May 2008 remains pending. However, the Court observed in that Ruling that evidence of the promotion denial that proceeded the termination, if shown to be related, may constitute relevant background evidence in support of the termination claim. Dismissal Ruling at 5.

On a motion by Defendant, the Court issued a a text Order [Doc. 58] stating that "[d]ispositive motions, if any, shall be due thirty (30) days after the Court issues its ruling on Plaintiff's motion to file a second amended complaint and Plaintiff's motion to compel, whichever is later."

## II.     Motion for Leave to File Second Amended Complaint

In the Motion to Amend, Plaintiff seeks to add to his complaint claims for intentional and negligent misrepresentation. Defendant opposes adding those claims. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File His Second Amended Complaint [Doc. 39].

The only factual allegation that could support these proposed claims is the allegation that in

or around July 2007 Defendant told Plaintiff that "he should not apply for any other UVERSE supervisor openings because he did not have the necessary supervisor experience." Proposed Second Amended Complaint [Doc. 35-2], Count One ¶ 5. This is the only statement alleged on which Plaintiff reasonably could have relied and thus could be the basis for a misrepresentation claim.

This allegation is new; it is not found in the Amended Complaint. In this respect, Plaintiff misrepresented his Motion to Amend to the Court when he stated that the two new causes of action "arise[] from the same facts set forth in the operative complaint," that the proposed complaint contains "minor editing changes," and that "[b]ecause these two claims are supported by the facts alleged in the operative complaint (at ¶s 4-11) [sic], plaintiff does not seek to amend the complaint by pleading new and different facts." Plaintiff's Memorandum of Law in Support of His Motion for Leave to Amend Complaint [Doc. 35-1] at 1. On the contrary, the new allegation is the primary basis for the new claims.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading is granted "freely . . . where justice so requires." However, under Rule 16(b), scheduling orders "shall not be modified except upon a showing of good cause." The Second Circuit has reconciled those rules by holding that once the deadline for amendment set in a scheduling order has expired, a motion to amend is governed by the relatively demanding "good cause" standard of Rule 16(b) rather than the "where justice so requires" standard of Rule 15(a). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-340 (2d Cir. 2000). "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover . . . a finding of 'good cause' depends on the diligence of the moving party." *Id.* at 340.

Here, over a year passed between the deadline set in the July 30, 2009 scheduling order and the filing of the Motion to Amend. Under these circumstances, Plaintiff must show good cause for amendment, and good cause depends on Plaintiff's diligence.

The Second Circuit established that a delay of over a year may justify denial of leave to amend in *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). In *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-341 (2d Cir. 2000), it held that leave to amend may not be appropriate if the movant was aware of the existence of the new claims before the litigation or at earlier stages of the litigation. The court upheld denial of leave to add a new claim for breach of contract to a plaintiff's complaint: "When he commenced this action . . . Parker had all the information necessary to support a breach of contract claim, and nothing he learned in discovery or otherwise altered that fact." *Parker* at 341.

In this case, Plaintiff was not unaware of the new claims. They arise from facts of which he was, by his own account, fully aware before he filed this action. *See* Proposed Second Amended Complaint ¶¶ 4-5. Plaintiff's current counsel explains that he was diligent after he took over the matter from previous counsel. Plaintiff's Reply Memorandum of Law in Further Support of His Motion for Leave to Amend Complaint [Doc. 40] at 2. Nevertheless, the "good cause" argument depends on excusing Plaintiff from his lack of diligence when he was represented by previous counsel.

Courts most often do not accept a previous counsel's neglect as "good cause" for a delay of this length. The Second Circuit, for example, held that the fact that a plaintiff pursued discovery and discovered the basis for a claim only after new counsel was substituted for prior neglectful counsel was insufficient reason for permitting it to amend its complaint. *Ansam Assocs., Inc. v. Cola*

*Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). Another court in this circuit found that the negligence of two previous attorneys did not constitute "good cause" under Rule 16(b) to amend a complaint, though the plaintiffs were pro se at the time they filed the motion to amend. *Lamothe v. Town of Oyster Bay*, No. 08-cv-2078, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011). *See also Rashdan v. Geissberger*, No. C10-00634, 2012 WL 566379, at *3 (N.D. Cal. Feb. 21, 2012); *Trotman v. Monmouth Univ.*, No. 09-6163, 2012 WL 95345, at *3 (D.N.J. Jan. 12, 2012); *Therion, Inc. v. Media by Design, Inc.*, No. CV08-5256, 2010 WL 5341925, at *4-5 (E.D.N.Y. Nov. 10, 2010).

Granting leave to amend at this stage would to some extent prejudice Defendant. While Plaintiff does not apparently propose to reopen discovery on this issue, Defendant has conducted discovery without knowing that these new allegations were at issue. Under these circumstances, the Court declines to grant leave to amend.

## III. Motion to Compel Discovery

Plaintiff moves to compel responses to certain discovery requests within its First Set of Interrogatories (the "Interrogatories"), First Set of Requests for Production (the "First Requests"), and Second Set of Requests for Production (the "Second Requests"). Since the filing of the Motion to Compel, the parties have resolved their disputes regarding Interrogatories 7-9 and First Requests 7. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel ("Opp. Memo.") [Doc. 45] at 1-2; Plaintiff's Reply Memorandum of Law in Further Support of Motion to Compel Discovery ("Reply Memo.") [Doc. 57] at 1 n. 1. The parties continue to differ about Interrogatories 14, 19, and 24, First Requests 13 and 18, and Second Requests 2-4 and 6-7.

Under the Federal Rules of Civil Procedure, parties may obtain discovery about any non-

privileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance" has been construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party resisting discovery bears the burden of showing why discovery should be denied. *Sedona Corp. v Open Solutions, Inc.*, 249 F.R.D. 19, 21 (D. Conn. 2008). The remaining disputed requests raise two issues, which the Court discusses in turn.

**A. Discovery About Promoted Employees (Interrogatory 14, Second Requests 2, 3, 4, 6).**

The first issue is whether Plaintiff is entitled to documents and information concerning the placement and qualifications of the employees granted certain supervisory positions for which he did not apply. Defendant argues that Plaintiff cannot prevail in showing that a failure to promote was discriminatory unless he applied for the position in question. *See, e.g., Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). Opp. Memo. at 15-18. Plaintiff replies that though he did not apply for those positions, he failed to do so because Defendant told him he could not apply for them. Reply Memo. at 2-3.

It is important to note the role that these promotions play in this action. Plaintiff cannot base his claim on the assertion that the failure to grant him these promotions was discriminatory. The Court's Dismissal Ruling established that no such claims remain; all that remains is Plaintiff's claim that his *termination* was discriminatory.

Thus, the only role that the promotions play in this action is as background evidence that might tend to support Plaintiff's argument that his termination was influenced by his race or national origin. For this purpose, they fall within the broad scope of discovery. If Defendant, having failed
to promote Plaintiff to a certain position allegedly because of his lack of supervisory experience, proceeded to promote to such positions a series of non-Latino employees who lacked supervisory experience, this tends to support Plaintiff's assertion that his race or national origin influenced his termination.[1] The question of whether Plaintiff applied for these promotions is not dispositive. Defendant asserts that facts about these promotions "cannot create an inference of discrimination because Plaintiff never applied," Opp. Memo. at 16, but if Defendant told Plaintiff that it failed to grant him such a position because he lacked supervisory experience but then gave such positions to non-Latinos who lacked such experience, that act *would* tend to support an inference of discriminatory intent.

**B. Discovery About Post-Termination Applications (Interrogatories 19, 24, First Requests 13, 18, Second Requests 7)**

The second issue is whether Plaintiff is entitled to discovery concerning his post-termination applications for employment with Defendant. On this issue, neither party's brief is clear about what exactly are the facts that are at issue. Plaintiff's Memorandum of Law in Support of Motion to Compel Discovery [Doc. 38] at 16-17; Opp Memo. at 18-20; Reply Memo. at 4.

Nevertheless, Defendant's objections are evidently not sustainable. First, Defendant asserts that no one was ultimately hired for certain positions at issue. Opp. Memo. at 19. If so, that fact itself constitutes part of the answer to the interrogatory; it should be made as an answer under oath, not an objection. Second, it asserts that some of those positions involve decisionmakers different from the two (Mr. Gantenbein and Ms. McDonald) who, according to Defendant, made the decision

---

[1] Although the Amended Complaint does not contain the allegation that Plaintiff was told not to apply for supervisory positions, as noted *supra*, it does allege that Defendant told him that he was not being offered one position because he lacked supervisory experience. Amended Complaint ¶ 5.

to terminate Plaintiff. *Id.* But it is the very purpose of discovery to determine such facts as who the relevant decisionmakers are. The allegation that the only two decisionmakers at issue are Mr. Gantenbein and Ms. McDonald is not made in the Amended Complaint, but rather is Defendant's own assertion. Third, Defendant asserts that apart from attempts to mitigate damages, Plaintiff's applications to "Ameritraining, Inc." have nothing to do with Defendant. *Id.* But Plaintiff's discovery requests make no mention of Ameritraining. If the answer to one of Plaintiff's requests is that it concerns an application to a company other than Defendant, and that Defendant therefore has no information about it, that fact should be part of Defendant's answer, not an objection.

Defendant has not sustained its burden to show that discovery should be denied on either issue. Consequently, the Motion to Compel is granted.

## IV. Conclusion

Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 35] is DENIED. Plaintiff's Motion to Compel Discovery [Doc. 37] is GRANTED. Defendant is directed to make this discovery FORTHWITH. Under the Order issued by the Court on November 9, 2010 [Doc. 58], any dispositive motions must be filed no later than thirty days after the date of this Ruling.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 17, 2012

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge